OPINION
Angelina Miller, the natural mother of Daryl, Christopher, Dillon and Angelica Miller appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, terminating her parental rights in the four children and granting permanent custody of them to Stark County Department of Job and Family Services. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE JUDGMENT OF THE TRIAL COURT THAT THE MILLER CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE BEST INTERESTS OF THE MILLER CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES.
 III. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES PUT FORTH GOOD FAITH AND DILIGENT EFFORTS TO REUNIFY THE MILLER FAMILY.
The trial court adopted the proposed findings of fact and conclusions of law offered by JFS. At the time of hearing, Daryl was 11 years old, Christopher was 9 years old, Dillon was 8 years old, and Angelica was nearly 2 years old. Each of the children has a different alleged father, none of whom had any contact with the children, attempted to comply with the case plan, or appeared at the hearing. JFS took custody of the children in May of 1999 and the Department filed its motion for permanent custody in April of 2000. The trial court made extensive findings of fact and conclusions of law, to which we will refer under each appropriate assignment of error.
 I
In her first assignment of error, appellant argues the judgment of the trial court that her children cannot or should not be placed with appellant within a reasonable time was against the manifest weight and sufficiency of the evidence.
R.C. 2151.414 (E) lists sixteen factors the trial court should consider in determining whether a child cannot be placed with either parent within a reasonable time or should not be placed with either parent. The trial court recited each of those factors, and found appellant's severe and chronic mental and emotional illness made her unable to provide an adequate permanent home for the children. The court further found appellant had shown a lack of commitment toward the children by failing to regularly support, visit, or communicate with the children when able to do so. The court further found appellant had shown an unwillingness to provide an adequate permanent home for the children, had failed to visit or maintain contact with the children for more than ninety days, and was unwilling to provide food, clothing, shelter, and other basic necessities for the children, see Finding of Fact In Re: whether the child can be placed or should be placed with either parent at this time or in the foreseeable future, numbers 44 through 46. The trial court found appellant had been referred to Dr. Ann Hicken to assess appellant's intellectual, emotional and psychological abilities. Dr. Hicken gave appellant the MMPI-2 which showed mother was excitable, unfocused, and impulsive. Dr. Hicken also noted appellant had been in several abusive relationships, and the doctor diagnosed appellant with adjustment disorder with NOS and Attention Deficit Hyperactivity Disorder. The doctor recommended the children remain in the custody of JFS.
The trial court also found appellant's three sons had been acting out sexually with each other and other children, and because of this, a community mental health care worker recommended the children have a consistent and well-structured environment. The court found appellant did not make substantial progress on her case plan, had inadequate and inappropriate housing, and lacked stable employment. The court noted the Goodwill Work Program had received reports that appellant had violated a no-contact order with an ex-boyfriend. The court also found appellant told her case worker she had not been able to care for herself for the past year, and was in no position to provide for the basic needs of the children.
Our review of the record leads us to conclude the trial court correctly found by clear and convincing evidence that the four children could not or should not be reunited with appellant within a reasonable time.
The first assignment of error is overruled.
 II
In her second assignment of error, appellant urges the court erred when it found a grant of permanent custody to JFS was in the best interest of the children.
Again, the trial court cited R.C. 2151.414, and recited the various statutory factors relevant to the court's determination of the best interest of the children.
The trial court found although the children had bonded with their mother, they do not ask to see her and do not appear to be saddened or troubled when their visits with her come to an end. The court found the baby, Angelica, has bonded strongly with her foster parents who wish to adopt. Angelica has spent essentially all of her life in the foster parents' care. The court noted the children do not have any significant medical conditions, but the boys are certainly in need continuing counseling to address their emotional and sexual behaviors. The caseworker for the children gave her opinion that an order of permanent custody would be in the children's best interest, as did the guardian ad litem. The court found the children were adoptable, not strongly bonded to any biological parent, and found it was in the best interest of the children to grant permanent custody to JFS for the purpose of adoption.
Again, we have reviewed the record, and we find the trial court's determination that it was in the best interest of the children to grant permanent custody to JFS is supported by clear and convincing evidence.
The second assignment of error is overruled.
 III
In her third assignment of error, appellant challenges the trial court's determination that JFS put forth good-faith and diligent efforts to reunify her with her children.
The case plan JFS filed with the court to reunify the family required appellant to attend Goodwill parenting classes, to obtain a psychological evaluation, and to follow any recommendation of the evaluation. Appellant argues she completed all aspects of her case plan except for individual counseling, and she did not comply with this aspect because of her financial status. Appellant argues JFS knew she was unable to pay for counseling services, but did not request the court to order payment for counseling services.
JFS responds although appellant did complete the Goodwill program, she did not transfer the information she received in the program to her life. Appellant's employment was sporadic, and a home study conducted at her residence yielded the information the home was dirty, smelled of dog urine, did not have proper appliances and furniture, and had no food in the home except for some "fast food". Appellant admitted she had been unable to care for herself, and admitted she had been in a series of negative relationships. JFS indicates appellant acknowledged she had agreed to pay for her own counseling, and did not contact JFS when she found she could not do so.
Our review of the record leads us to conclude the trial court was correct in finding JFS had made reasonable efforts to reunite this family.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.
 __________ Gwin, P.J.
Gwin, P.J., Hoffman J., and Farmer, J., concur.